Jane ASENAP et al., etc., Appellants,

v.

Thomas J. HUFF, Administrator with Will Annexed of Estate of Wook-Kah-Nah, Deceased, Comanche Enrolled Restricted Indian No. 1927, et al., Appellees.

Stewart L. UDALL, Secretary of the Interior, Appellant,

v.

Thomas J. HUFF, Administrator with Will Annexed of Estate of Wook-Kah-Nah, Deceased, Comanche Enrolled Restricted Indian No. 1927, et al., Appellees.

Nos. 17078, 17095.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 5, 1962.

Decided Dec. 20, 1962.

Messrs. Robert W. Barker and Angelo A. Iadarola, Washington, D. C., for appellants in No. 17,078.

Mr. Raymond N. Zagone, Atty., Dept. of Justice, of the bar of the Supreme Court of Texas, *pro hac vice,* by special leave of court, with whom Ramsey Clark, Asst. Atty. Gen., and Messrs. Roger P. Marquis and Herbert Pittle, Attys., Dept. of Justice, were on the brief, for appellant in No. 17,095, and appellee Udall in No. 17,078. Mr. Hugh Nugent, Attorney, Department of Justice, also entered an appearance for appellant in No. 17,095 and appellee Udall in No. 17,-078.

Mr. Charles P. Ames, Oklahoma City, Okl., of the bar of the Supreme Court of Oklahoma, *pro hac vice,* by special leave of court, with whom Mr. Roy St. Lewis, Washington, D. C., was on the brief, for appellees.

Before WASHINGTON, BASTIAN and WRIGHT, Circuit Judges.

PER CURIAM.

This action was brought to review the decision of the Secretary of the Interior in the matter of the estate of a deceased Comanche allottee confirming the order of the Examiner of Inheritance. The examiner approved the will of said decedent and decreed distribution of her estate. Certain beneficiaries under the will [appellants in No. 17,078] were permitted to intervene. Thereafter, motions for summary judgment were filed by the Secretary of the Interior and the intervenors. These motions were overruled by the District Court, which issued a certificate for interlocutory appeal under the provisions of 28 U.S.C. § 1292 (1958).[1] We granted the applications for interlocutory appeal and consolidated them.

Our examination of the administrative record convinces us that the decision of the Secretary, far from being arbitrary and capricious, is amply supported by the record. Therefore, the District Court should have granted summary judgment in favor of the defendant Secretary and the intervenors.

The cases will, therefore, be remanded to the District Court with directions to enter judgment for the appellants in both cases.

Remanded with directions.

---

1. The certificate was in the usual form: "I certify that the issues disposed of by this order involves [sic] controlling questions of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."